IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WASEEM DAKER, | : |
| Plaintiff, | : |
| VS. | : |
| | : CASE NO.: 5:15-CV-88-CAR-CHW |
| HOMER BRYSON *et al.*, | : |
| Defendant. | : |

# ORDER

Plaintiff Waseem Daker, a prisoner who is incarcerated at Georgia State Prison in Reidsville, Georgia, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983 and a motion seeking leave to proceed *in forma pauperis*.  Plaintiff has also filed motions for a preliminary injunction or temporary restraining order (ECF No. 3); a motion to expedite § 1915 review (ECF No. 4); a motion requesting that the Court certify to the U.S. Attorney General a constitutional challenge to 28 U.S.C. § 1915(g) (ECF No. 7); and a motion showing that Plaintiff either does not have three strikes or that he is in imminent danger of serious physical injury, (ECF No. 8).  As discussed below, Plaintiff has recently been found by judges in the Northern District of Georgia and the Eleventh Circuit Court of Appeals to have made false statements in his affidavits of poverty.  After reviewing Plaintiff's submissions in this case, the Court agrees that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) should be **DENIED** and his case should be **DISMISSED** because his allegations of poverty are untruthful.  *See* 28 U.S.C. § 1915(e)(2)(A).  Plaintiff's remaining motions are **DENIED as moot.**

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: Leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed *more than one hundred* federal civil actions and appeals since 1999. *See* www.pacer.gov (last visited June 22, 2015; searched for "Daker, Waseem"). It appears that more than three of his complaints or appeals have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g., In re Daker*, No. 11-11937-C (11th Cir. June 3, 2011) (petition for mandamus dismissed as frivolous); *In re Daker*, No. 12-12072-F (11th Cir. Aug. 6, 2012) (dismissed for want of prosecution following May 31, 2012 finding that case was frivolous); *In re Daker*, No. 12-12073-C (11th Cir. July 12, 2012) (dismissed for want of prosecution following June 7,

2012 determination that case was frivolous); *In re Daker*, No. 12-12519-C (11th Cir. Nov. 5, 2012) (dismissed for want of prosecution following October 9, 2012 finding that claims were frivolous).[1] Plaintiff's allegations that prison officials' use of damaged and unsanitized razors and clippers expose Plaintiff to deadly diseases that are common in the prison population, such as HIV and hepatitis, could arguably be sufficient to permit Plaintiff to proceed under the imminent danger exception to § 1915(g). *See, e.g., Bingham v. Morales*, No. CV 311-019, 2011 WL 5358594, at *1 n.2 (S.D. Ga. Nov. 4, 2011) (noting that the magistrate judge concluded that prisoner satisfied imminent danger exception based on allegation that prisoner was forced to share razors with other inmates under unsanitary conditions); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the prisoner's "allegation that he is at risk of contracting HIV or hepatitis C, if true, more than plausibly raises the specter of serious physical injury"). But the Court will not reach this issue because it concludes Plaintiff's Complaint should be dismissed because Plaintiff's allegations of poverty are untruthful. *See* 28 U.S.C. § 1915(e)(2)(A) ("Notwithstanding any filing fee, or any portion thereof, that may have

---

[1]The Eleventh Circuit has held that dismissals for failure to prosecute may constitute "strikes" for purposes of § 1915(g). *Allen v. Clark*, 266 F. App'x 815, 817 (11th Cir. 2008) ("A dismissal for failure to prosecute made in the light of a frivolous response to a show cause order is a strike for purposes of section 1915(g)."). The Court also notes that while Plaintiff is currently litigating his status as a "three-striker" in the Eleventh Circuit Court of Appeals, the U.S. Supreme Court has recently held that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).

been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue[.]").

Plaintiff's affidavit of poverty states that he "own[s] a house with a mortgage, but the mortgage is more than the house's value." (Aff. 2, Mar. 16, 2015, ECF No. 2.) Plaintiff estimates his mortgage was approximately $345,000 and states that the home is worth between $285,000 and $330,000. He further states that he is unable to make mortgage payments on the home and that it "is currently listed for sale as a short sale, so as to avoid foreclosure." *Id.*[2] Plaintiff also contends that he has additional outstanding debt totaling $61,500. *Id.*

Plaintiff has made similar (and in some cases, virtually identical) allegations of poverty in other cases, and those courts have found them to be untrue. *See* Order, *Daker v. Warren*, Case No. 14-13042-C (11th Cir. Apr. 30, 2014); Order, *Daker v. Warren*, ECF No. 50 in Case No. 1:12-CV-2605-RWS (N.D. Ga. Mar. 4, 2015); Order, *Daker v. Warren*, ECF No. 38 in Case No. 1:12-CV-2605-RWS (N.D. Ga. June 5, 2014) ("Daker has repeatedly abused the judicial process by filing IFP affidavits that conceal and/or misstate his true assets and income."); Order, *Daker v. Dawes*, ECF No. 3 in Case No. 1:12-CV-119-RWS (N.D. Ga. Feb. 2, 2012) (magistrate judge finding that earlier-filed IFP affidavit had concealed Plaintiff's true, substantial net worth).

---

[2] The Court observes that Plaintiff has been contending that he has been unable to make his mortgage payments for a number of years, but apparently his home has not yet been foreclosed upon. *See* Ex. A to Pl.'s Supp. Mot. for Recons. at 1, 5, in Case No. 1:12-CV-119-RWS, ECF No. 8-1 (N.D. Ga. Feb. 12, 2012).

4

The value of Plaintiff's assets is clearly at issue. At least one judge has observed that Plaintiff's Gwinnett County home actually has a fair market value of over $398,000 and that Plaintiff has remained current on tax payments totaling more than $12,000 paid in 2013 and 2014. (Mar. 4, 2015 Order at 3, ECF No. 50 (information taken from Gwinnett County tax assessor's website)). Further, "other substantial assets that Daker has disclosed in past IFP affidavits, including, for example, 'a car that is paid off in full,' have vanished without explanation from Daker's subsequent disclosures of assets, even as he continues to claim that he has 'had no income' since January 10, 2010." (June 5, 2014 Order at 7, ECF No. 38 (internal citation omitted)). Plaintiff has also stated that a relative has a power of attorney to handle Plaintiff's financial affairs while Plaintiff is in prison, but Plaintiff has never disclosed "the nature of and value of the assets that he is permitting others to manage on his behalf." *Id.* Plaintiff's claims of additional debt also appear questionable. *See, e.g.,* Order, *Daker v. Humphrey*, ECF No. 2 in Case No. 1:13-CV-1554-RWS (N.D. Ga. Oct. 31, 2013) (noting that latest IFP affidavit listed debts not previously disclosed and further observing that claim of $36,000 debt for attorney fees was "all the more dubious because Daker represented himself at his murder trial, and the court-appointed backup counsel were court-paid").

It is also notable that Plaintiff has been able to pay docketing fees in other filings, including other recent cases. *See, e.g., Daker v. Mokwa*, ECF No. 12 in Case No. 14-55653 (9th Cir. Aug. 6, 2014) (docket entry reflecting payment of $505 filing fee on July 31, 2014); *see also Daker v. Warren*, Case No. 1:14-CV-3180 (N.D. Ga. Nov. 7, 2014) (docket entry reflecting payment of $5 filing fee); *Daker v. Warren*, ECF No. 1 in Case

No. 1:12-CV-1141 (N.D. Ga. Apr. 2, 2012) (docket entry reflecting payment of $5 filing fee); *Daker v. Warren*, ECF No. 1 in Case No. 1:11-CV-1711 (N.D. Ga. May 24, 2011) (docket entry reflecting payment of $5 filing fee).

Nothing Plaintiff has filed in this case suggests that his financial status has changed materially. The Court therefore concludes that Plaintiff's assertions of poverty remain untrue and Plaintiff's complaint should be **DISMISSED.**

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(A). Plaintiff's remaining pending motions (ECF Nos. 3, 4, 7, and 8) are also **DENIED as moot.**

**SO ORDERED**, this 20th day of August, 2015.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE