IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WASEEM DAKER,                          :
                                       :
                    Plaintiff,         :
                                       :
         v.                            :        No. 5:15-cv-88
                                       :
HOMER BRYSON, *et al.*,                :
                                       :
                    Defendants.        :
_____:

## RECOMMENDATION

Plaintiff Waseem Daker, a prisoner who is incarcerated at Georgia State Prison in Reidsville, Georgia, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983 and a motion seeking leave to proceed *in forma pauperis*. Plaintiff also filed motions for a preliminary injunction or temporary restraining order (ECF No. 3); a motion to expedite Section 1915 review (ECF No. 4); a motion requesting that the Court certify to the U.S. Attorney General a constitutional challenge to 28 U.S.C. § 1915(g) (ECF No. 7); and a motion showing that Plaintiff either does not have three strikes or that he is in imminent danger of serious physical injury, (ECF No. 8).

The Court dismissed Plaintiff's complaint by finding his allegations of poverty untruthful. The Court noted that Plaintiff was recently found by judges in the Northern District of Georgia and the Eleventh Circuit Court of Appeals to have made false statements in his affidavits of poverty. See 28 U.S.C. § 1915(e)(2)(A); see also Order, *Daker v. Warren*, Case No. 14-13042-C (11th Cir. Apr. 30, 2014); Order, *Daker v.*

*Warren*, ECF No. 50 in Case No. 1:12-CV-2605-RWS (N.D. Ga. Mar. 4, 2015); Order, *Daker v. Warren*, ECF No. 38 in Case No. 1:12-CV-2605-RWS (N.D. Ga. June 5, 2014) ("Daker has repeatedly abused the judicial process by filing IFP affidavits that conceal and/or misstate his true assets and income."); Order, *Daker v. Dawes*, ECF No. 3 in Case No. 1:12-CV-119-RWS (N.D. Ga. Feb. 2, 2012) (magistrate judge finding that earlier-filed IFP affidavit had concealed Plaintiff's true, substantial net worth).

Further, the Court noted that Plaintiff has filed more than one hundred federal civil actions and appeals since 1999. See www.pacer.gov (last visited June 3, 2016; searched for "Daker, Waseem").[1] It appeared that more than three of his complaints or appeals were dismissed as frivolous, malicious, or for failure to state a claim. See e.g., *In re Daker*, No. 11-11937-C (11th Cir. June 3, 2011) (petition for mandamus dismissed as frivolous); *In re Daker*, No. 12-12072-F (11th Cir. Aug. 6, 2012) (dismissed for want of prosecution following May 31, 2012 finding that case was frivolous); *In re Daker*, No. 12-12073-C (11th Cir. July 12, 2012) (dismissed for want of prosecution following June 7, 2012 determination that case was frivolous); *In re Daker*, No. 12-12519-C (11th Cir. Nov. 5, 2012) (dismissed for want of prosecution following October 9, 2012 finding that claims were  frivolous). Although the Court recognized that Plaintiff's allegations of prison officials' using damaged and unsanitized razors and clippers to expose Plaintiff to deadly diseases that are common in the prison population, such as HIV and hepatitis, could arguably be sufficient to permit Plaintiff to proceed under the imminent danger

---

[1] The Eleventh Circuit recently recognized Plaintiff as a "state prisoner and a serial litigator in federal courts." *Daker v. Comm'r, Georgia Dep't of Corr.*, No. 14-12139, 2016 WL 2342890, at *1 (11th Cir. May 4, 2016). The Court further recognized "Daker has submitted over a thousand pro se filings in over a hundred actions and appeals in at least nine different federal courts." *Id.*

exception to Section 1915(g), the Court did not reach the merits of Plaintiff's claims because it concluded that Plaintiff's allegations of poverty were untruthful. See ECF No. 10.

Following the Court's entry of final Judgment, Plaintiff filed a Notice of Appeal of the Court's dismissal on September 23, 2015. ECF No. 13; *Daker v. Commissioner*, No. 15-14286    (11th Cir. Sept. 23, 2015). Plaintiff filed a Motion for Preliminary Injunction on May 2, 2016, in his appellate case, which the Circuit Court denied without prejudice. Order, *Daker v. Commissioner*, No. 15-14286    (11th Cir. May 23, 2016). Subsequently, Plaintiff filed three "Emergency Motions for Preliminary Injunction" in his District Court case, requesting the same relief. ECF No. 24; 25; 26.

In the Motions, Plaintiff requests a "preliminary injunction to compel Defendants to provide me access to my stored legal materials, to a law library, and to photocopying." ECF No. 27. Plaintiff states that he has an "impending June 22, 2016, deadline to file" his appellate brief with the Eleventh Circuit, and requests "prompt" attention and assistance in the matter. *Id.*

Granting or denying a preliminary injunction is a decision within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35

(11th Cir. 2001); see also *Schiavo ex. rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005).

However, the Court need not reach the merits of Plaintiff's motions, as it does not have the power to grant the relief Plaintiff seeks. Federal Rule of Civil Procedure 65 governs motions for a temporary restraining order and for a preliminary injunction. Section (d) of Rule 65 provides: "Every order granting an injunction and every restraining order ...binds only … the parties to the action, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with anyone" listed above. Fed. R. Civ. P. 65(d). "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) (citation omitted); see also *In re Infant Formula Antitrust Litig.*, *MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842–43 (11th Cir. 1995) (stating that district court lacks subject-matter jurisdiction to issue preliminary or permanent injunction against nonparty).. The record reflects that no Defendant has been served in this case, and thus this Court does not have jurisdiction over the Defendants.

Moreover, the Court cannot issue a general injunction barring any Defendant mentioned by Plaintiff from violating the law at some point in the future. See *SEC v. Smyth*, 420 F.3d 1225, 1233 (11th Cir. 2005) ("This circuit has repeatedly held that 'obey the law' injunctions are unenforceable."); *Payne v. Travenol Lab., Inc.*, 565 F.2d 895, 898 (11th Cir. 1978) (" '[O]bey the law' injunctions cannot be sustained."); *Burton v.*

*City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999). Indeed, Plaintiff's allegations do raise possible constitutional violations, but such claims would be more appropriately addressed in a separate civil action, against separate Defendants, in a different district court. Such a civil action under 42 U.S.C. § 1983 would be appropriately brought in the United States District Court for the Southern District of Georgia—the district containing Georgia State Prison. See e.g. 28 U.S.C. § 1391 (B)(2) ("a civil action may be brought in-
-a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."). This point appears to be moot, however, as Plaintiff has already filed such an action in the Southern District of Georgia. See *Daker v. Bryson*, Case No. 6:16-cv-00057-JRH-RSB (S.D. Ga.).

To the extent that Plaintiff wishes the Court to "issue a temporary restraining order *without* written or oral notice to the adverse party," such relief must also be denied. See Fed. R. Civ. P. 65(a). The Court may only issue a temporary restraining order if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *Id.*

Plaintiff fails to show how he will suffer irreparable harm in being denied access to his "own legal materials" as well as access to the law library and a photocopier. ECF No. 27. Access to legal materials and to courts is a constitutional right, and, under certain circumstances, states have an affirmative obligation to ensure that indigent prisoners have

a fair opportunity to present their legal claims by assisting inmates in the preparation of various legal papers and providing them with adequate law libraries or other assistance. See *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir.2006). In order to show actual injury a prisoner must show that his "efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program." *Id*.

Plaintiff's proffers in this regard do not show a deprivation of constitutional magnitude, or explain the irreparable injuries that would flow from the denial of access to his personal materials. Further, Plaintiff cannot show that his "efforts to pursue a nonfrivolous claim" have been frustrated. A review of Plaintiff's current appeal of this case shows that Plaintiff was able to file more than forty pages of legal argument and briefs in support of his "Emergency Motion for Preliminary Injunction." See Motion for Preliminary Injunction, *Daker v. Commissioner*, No. 15-14286 (11th Cir. Apr. 29, 2016). The Motion was returned as unfiled because it exceeded the page limit. See *id*. The Motion contained photocopied pages of a brief filed in one of Plaintiff's previous cases, with supporting facts, and a comprehensive argument section. *Id.* Plaintiff was later able to file a second motion just two days later. See Emergency Second Motion for Preliminary Injunction, *Daker v. Commissioner*, No. 15-14286 (11th Cir. May 2, 2016). The current Motions before the Court also contains legal citations and quotes that belie Plaintiff's assertion that he is being denied access to the law library.

A comprehensive review of Plaintiff's filings in the United States Court System show that Plaintiff is currently litigating four cases at the district court level, and fourteen

cases at the appellate level. His most recent case in the Southern District of Georgia reveals that he filed three emergency motions for preliminary injunction in May, including one motion with identical pages from the motion, *supra*, submitted to the Eleventh Circuit.  Compare Motion for Preliminary Injunction, *Daker v. Commissioner*, No. 15-14286 (11th Cir. Apr. 29, 2016) with Third Motion for Preliminary Injunction, *Daker v. Bryson*, ECF No. 6 in Case No. 6:16-cv-00057-JRH-RSB (S.D. Ga. May 23, 2016). Also during the month of May Plaintiff was able to file a fourteen page Motion for Certificate of Appealability, Motion for Certificate of Appealability, *Daker v. Warren*, No. 15-14272 (11th Cir. May 17, 2016), as well as two supplemental motions totaling twelve pages, see Supplement to Motion, *Daker v. Ferrero*, No. 15-13176 (11th Cir. May 2, 2016) and 2nd Supplement to Motion, *Daker v. Ferrero*, No. 15-13176 (11th Cir. May 4, 2016).

The record shows that Plaintiff cannot show an immediate and irreparable injury from a denial of his request as he is able to successfully litigate an impressive number of suits, including filing hundreds of pages of motions replete with legal authority and analysis. Accordingly, it is **RECOMMENDED** that Plaintiff's Motions (Docs. 24, 25, 26) be **DENIED**. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1)

waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

      **SO RECOMMENDED**, this 7th day of June, 2016.

<div style="margin-left: 40%;">

s/ Charles H. Weigle\
Charles H. Weigle\
United States Magistrate Judge

</div>