# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:15-CV-88-CAR-CHW |
| | : | |
| Commissioner HOMER BRYSON, *et al*, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Recommendation to deny Plaintiff's three Emergency Motions for Preliminary Injunction. Plaintiff filed a timely Objection to the Recommendation [Doc. 31] and a second, untimely Objection to the Recommendation [Doc. 33], which the Court will consider with his timely Objection. The Court has fully considered the record in this case and made a *de novo* determination of the portions of the Recommendation to which Petitioner objects. For the following reasons, the Court finds the Objection to be without merit and agrees the Magistrate Judge's findings and conclusions.

In this case, the Court dismissed Plaintiff's Complaint on the grounds that Plaintiff was untruthful in his allegation of poverty in the Motion to Proceed *in forma pauperis*. Plaintiff appealed this decision to the Eleventh Circuit Court of Appeals and then filed a Motion for Preliminary Injunction in the appellate case. The Eleventh Circuit denied his Motion for Preliminary Injunction without prejudice. Subsequently, Plaintiff filed three Emergency Motions for Preliminary Injunction with this Court. In the Motions, Plaintiff requests a preliminary injunction to compel Defendants to provide him access to his stored legal materials, the law library, and photocopying.

In the Recommendation, the Magistrate Judge first determined the Court lacks jurisdiction over the Motions for Preliminary Injunctions because Defendants have not been served in this case and, second, concluded the Court cannot issue a temporary restraining order because Plaintiff fails to show he suffered irreparable injury from the denial of access to his legal materials, as well as to the law library and photocopier.[1] Plaintiff objects to the Recommendation for several reasons.

---

[1] *See* Fed.R.Civ.P. 65(a) ("The court may issue a preliminary injunction only on notice to the adverse party."); *id.* 65(b)(1) ("The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.").

First, in his Objection, Plaintiff argues the Court should serve Defendants for the limited purpose of having jurisdiction over them to issue a preliminary injunction. Plaintiff further contends the Eleventh Circuit intended this result when it dismissed his motion *without prejudice*. However, both contentions are incorrect. This Court dismissed this case on August 20, 2015, and that dismissal is currently on appeal. Moreover, the Eleventh Circuit did not intend such a result. Instead, the Eleventh Circuit simply dismissed Plaintiff's motion without prejudice because Plaintiff should have filed it with this Court first, and not the Eleventh Circuit.[2] As the Magistrate Judge thoroughly explained, Defendants were not served because Plaintiff's Complaint was dismissed, and thus, the Court does not have jurisdiction over the Defendants.

Second, Plaintiff objects to the Magistrate Judge's conclusion he cannot show actual harm to warrant the issuance of a temporary restraining order. Plaintiff contends he suffered actual harm when his brief in support of his initial emergency motion was returned as unfiled for exceeding the page limit. According to Plaintiff, this "harm" only occurred because he was not provided access to the law library and

---

[2] *See* Fed.R.Civ.P. 65(a); *Carillon Importers, Ltd. V. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 126 (11th Cir. 1997) (per curiam) ("The grant or denial of a preliminary injunction is a decision within the discretion of the district court.").

his legal materials and did not know there was a page limit.  However, the Magistrate Judge correctly points out that Plaintiff was able to file a second motion just two days later, which did comply with the page limit requirement.  Plaintiff cannot now argue the returned motion somehow frustrated or impeded his efforts to pursue his claims when the Motion is now being considered.[3]  Despite Plaintiff's objection otherwise, it is clear his numerous filings dispel his claims he suffered an irreparable harm from Defendant's alleged denial of access to his materials, the law library, or photocopying.[4] Additionally, Plaintiff fails to provide any other evidence of actual harm suffered in this case.[5]  Thus, the Court agrees with the Magistrate Judge's conclusion that Plaintiff fails to establish he suffered an actual injury in order to warrant relief.

As to Plaintiff's remaining objections, they are also without merit.  For instance, whether the Magistrate Judge characterized Plaintiff's sworn testimony as "proffers"

---

[3] *See Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006) ("Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program or by an official's action."); *Wilson v. Blakenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998) ("[A] plaintiff must demonstrate that the lack of a law library or inadequate access to counsel hindered his 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'").

[4] *See, e.g., Wilson*, 163 F.3d at 1290-91. ("[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials."); *Wanniger v. Davenport*, 697 F.2d 992, 992 (11th Cir. 1983) ("[P]risoner's right of access to courts does not include the right of free unlimited access to a photocopying machine.")

[5] *See Wilson*, 163 F.3d at 1291 ("[I]n an access-to-courts claim, 'a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic.'").

4

or discussed a "general objection" does not change the conclusion that Plaintiff is not entitled to the relief he seeks.  Specifically, his objections do not change that the Court lacks jurisdiction to issue a preliminary injunction and that Plaintiff fails to show immediate and irreparable harm will occur to warrant a temporary restraining order. Accordingly, the Court agrees with Recommendation.

Additionally, Plaintiff filed a Motion for Limited Service of Process [Doc. 32] that is just a copy of his Objection to the Report and Recommendation [Doc. 31].  For the same reasons previously stated, this Motion is **DENIED**.

Based on the foregoing, the Recommendation of the United States Magistrate Judge [Doc. 28] is **ADOPTED** and **MADE THE ORDER OF THE COURT**. Plaintiff's Emergency Motions for Preliminary Injunction and Motion for Limited Service of Process [Docs. 24, 25, 26, & 32] are **DENIED**.

**SO ORDERED,** this 2nd day of February, 2017.

                                                  S/ C. Ashley Royal
                                                  C. ASHLEY ROYAL, JUDGE
                                                  UNITED STATES DISTRICT COURT