# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| WASEEM DAKER, | : |
| Plaintiff, | : |
| v. | : No. 5:15-cv-88 (CAR) (CHW) |
| Commissioner HOMER BRYSON, *et al.*, | : |
| Defendants. | : |

## ORDER

This Court dismissed, on screening, Plaintiff Waseem Daker's Complaint after finding that Plaintiff made false statements in his affidavit of poverty. (Doc. 10). *See* 28 U.S.C. § 1915(e)(2)(A). The Court also denied Plaintiff's post-judgment motions for preliminary injunction, (Docs. 24, 25, 26), as well as Plaintiff's motion for limited service, (Doc. 32), in an Order dated February 2, 2017. (Doc. 35).

Plaintiff has now filed a motion for relief from the Court's February 2017 Order. (Doc. 36). Although Plaintiff cites Rule 59 ("New Trial; Altering or Amending a Judgment"), his motion is properly considered under Rule 60(b) ("Relief from a Judgment or Order"). Because Plaintiff did not explain what provision of Rule 60(b) entitles him to relief, and because Plaintiff's arguments appear to satisfy none of Rule 60(b)'s specific provisions, the Court construes Plaintiff's motion as requesting relief under the "catchall provision" of Rule 60(b)(6). As construed, Plaintiff's Motion is **DENIED**.

In previously denying Plaintiff's motions for injunction, the Court noted that none of the named Defendants were served in this case, so they lack the requisite notice for the issuance of a preliminary injunction against them. *See, e.g.*, *Favors-Morrell v. U.S.*, 2015 WL 12696116 at *1

1

(SDGA Feb. 18, 2015) (citing Rule 65(a)(1)); *accord Del Monte Fresh Produce, N.A., Inc. v. Growers Citrus Packing, LLC*, 2013 WL 12101123 at *1 (S.D. Fla. May 16, 2013). Additionally, the Court noted that Plaintiff's legal-access claims would be better raised in a separate civil action, and that Plaintiff in fact appeared to have already filed a separate civil action based upon his legal-access claims. *See* (Doc. 28, p. 5). Plaintiff wholly failed to address these points in his motion to vacate.

In addition to problems of jurisdiction over and notice to the Defendants, the Court rejected Plaintiff's argument that he will suffer immediate and irreparable harm without injunctive relief. The Court noted that Plaintiff's numerous filings in this case detract from Plaintiff's argument that he will suffer actual injury without access to legal research and storage facilities, and without access to a photocopier. Plaintiff's motion, which seeks merely to re-litigate this point, does not present the type of "exceptional circumstances" required to merit relief under Rule 60(b)(6).

**SO ORDERED**, this 20th day of April, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT
