IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WASEEM DAKER, | : |
| Plaintiff, | : |
| VS. | : |
| | : CASE NO.: 5:15-CV-88-CAR-CHW |
| HOMER BRYSON *et al.*, | : |
| Defendants. | : |

# ORDER

On March 16, 2015, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*, alleging numerous violations of his statutory and constitutional rights (ECF No. 1). On August 20, 2015, the Court entered an order denying Plaintiff leave to proceed *in forma pauperis* and dismissing Plaintiff's Complaint after finding that Plaintiff's allegations of poverty were untruthful (ECF No. 10). Plaintiff appealed. On August 31, 2017, the Eleventh Circuit issued its order and opinion finding that the Court had erred by failing to allow Plaintiff an opportunity to be heard about the truthfulness of his allegations of poverty and remanding the case to provide Plaintiff with such opportunity (ECF No. 49). The Eleventh Circuit issued its mandate on September 6, 2017. Plaintiff has since filed a motion for recusal of the undersigned (ECF No. 53) and a motion to expedite the proceedings (ECF No. 52). For the following reasons, the Court **DENIES** Plaintiff's motion to recuse and **REMANDS** Plaintiff's claims to the United States Magistrate Judge for a timely review pursuant to 28 U.S.C. § 1915A. Plaintiff's

motion to expedite is therefore **DENIED as moot.**

## I. Motion to Recuse

Plaintiff has filed a motion in which he alleges that the undersigned judge should recuse himself from this case. 28 U.S.C. § 455 provides the standard for when a judge, justice, or magistrate judge must disqualify himself from a particular proceeding.[1] The statute generally provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* at § 455(a). The statute also enumerates certain other circumstances requiring a judge to disqualify himself. *Id.* at § 455(b)(1)-(5).

Plaintiff does not specify which statutory circumstances apply to this case, but he alleges that the Court's past rulings "show . . . a deep-seated bias, prejudice, hostility, and antagonism against Plaintiff" and that the Court "is not taking Plaintiff's claims seriously" and "has a proclivity to rubberstamp-deny or dismiss anything Plaintiff files." Mot. Recuse 2, ECF No. 53. Plaintiff further contends that if he "is to receive fair consideration, it is going to have to be from a judge other than Judge Royal." *Id.* at 3. Plaintiff may thus be relying on either subsection (a) or subsection (b)(1), which provides that a judge should recuse himself "[w]here he has a personal bias or prejudice

---

[1] 28 U.S.C. § 144 also governs recusal, but it requires the moving party to file an affidavit stating that the judge has a personal bias or prejudice against the plaintiff or defendant, and the affidavit must provide facts and reasons for the belief that bias or prejudice exists. Plaintiff has not filed such an affidavit, and this requirement is strictly enforced. *See, e.g., United States v. Perkins*, 787 F.3d 1329, 1343 (11th Cir. 2015) (finding that the court did not abuse its discretion by denying litigant's pro se motion for recusal under 28 U.S.C. § 144 because the affidavit did not meet the statute's procedural requirements). As such, the Court will assume that Plaintiff intended to proceed under § 455.

2

concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" The standard under subsection (a) is objective and requires the Court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted). 28 U.S.C. § 455(b)(1) requires the judge to "disqualify himself where . . . he *actually* 'has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.'" *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) (emphasis in original) (quoting 28 U.S.C. § 455(b)); *see also Patti*, 337 F.3d at 1321 (noting the existence of the specific circumstances set forth in § 455(b)(1) "show the fact of partiality"). Under both sections, the bias sufficient to disqualify a judge "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (per curiam) (internal quotation marks and citation omitted). Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion" except in rare circumstances where "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Even in cases where a judge's comments "evince frustration" with a litigant, if the "frustration stems solely from judicial sources"—i.e., the litigant's conduct before the court—the judge will not typically "be required to recuse under § 455." *See Perkins*, 787 F.3d at 1342-43; *see also Liteky*, 510 U.S. at 555 ("[J]udicial remarks during the

course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge.").

Contrary to Plaintiff's assertions, the Court's decisions in Plaintiff's cases simply do not reveal a pervasive bias or demonstrate that the Court has failed to consider the merits of each of Plaintiff's filings. In at least one of the cases cited by Plaintiff, the order at issue was entered by a United States Magistrate Judge, not the undersigned. Order, ECF No. 114 in *Nolley v. Nelson*, 5:15-cv-00075 (M.D. Ga. May 10, 2017) (order denying Mr. Daker's motion to intervene). In another example cited by Plaintiff, the same substantive relief that was denied by the undersigned was independently denied in other cases by at least two other judges in this district. *Compare* Order, ECF No. 112 in *Nolley v. McLaughlin*, No. 5:15-cv-000149-CAR-CHW (M.D. Ga. Aug. 15, 2017) (denying Mr. Daker's motion to intervene) *with* Order, ECF No. 92 in *Upshaw v. McLaughlin*, No. 5:15-cv-00395-MTT-MSH (M.D. Ga. Oct. 16, 2017) (denying Mr. Daker's motion to intervene); Order, ECF No. 172 in *Smith v. Owens*, No. 5:12-cv-00026-WLS-CHW (M.D. Ga. Oct. 4, 2017) (denying Mr. Daker's motion to intervene). In yet another case cited by Plaintiff, the Court exercised its discretion to transfer claims to the Southern District of Georgia rather than dismissing them altogether and granted Plaintiff's motion for reconsideration in part. *See* Order, ECF No. 17 in *Daker v. Bryson*, No. 5:16-cv-000538-CAR-MSH (M.D. Ga. June 8, 2017) (transferring some claims to the Southern District of Georgia rather than ordering dismissal of claims); Order, ECF No. 27 in *Daker v. Bryson*, No. 5:16-cv-000538-CAR-MSH (M.D. Ga. Aug. 17, 2017) (granting in part Plaintiff's motion for reconsideration).

Moreover, to the extent Plaintiff takes issue with the Court's statements regarding Plaintiff's extensive filing history, such statements are not indicative of bias; they are an acknowledgment of fact. A review of court records on the PACER Case Locator reveals Plaintiff has now filed more than 175 civil cases or appeals in the federal courts. *See* Pacer Case Locator, https://pcl.uscourts.gov/search (search Daker, Waseem) (last visited Oct. 20, 2017). In just one of those cases pending before this Court, Plaintiff filed more than a dozen notices of appeal or amended or duplicate notices of appeal and nearly150 separate motions. *Daker v. Owens*, No. 5:12-cv-00459-CAR-MSH (M.D. Ga. Nov. 20, 2012). It is beyond reasonable dispute that Plaintiff's tendency to file multiple, duplicative lawsuits, motions, and appeals—and to routinely amend, supplement, and request reconsideration of these filings—causes delay and confusion, frustrates the orderly disposition of Plaintiff's claims, and results in the denial or dismissal of many of his requests.

In sum, Plaintiff has failed to show that the Court "had developed a *personal* or *extrajudicial* bias against" Plaintiff or that "a fully-informed lay observer would entertain a significant doubt about the district judges's impartiality." *Amedeo*, 487 F.3d at 829 (emphasis in original). Recusal is therefore not warranted under either § 455(b)(1) or § 455(a), and Plaintiff's motion for recusal (ECF No. 53) is **DENIED.**

## II. Motion to Expedite

Plaintiff has also filed a motion to expedite in which he notes that this case has been pending for more than two and a half years, and he requests that the initial screening under 28 U.S.C. § 1915A and "any and all other proceedings" be expedited as a result.

Mot. Expedite 1, ECF No. 52. The Court acknowledges the length of time Plaintiff's case has been pending and accordingly **REMANDS** Plaintiff's claims to the United States Magistrate Judge who is instructed to conduct the initial review of Plaintiff's Complaint under 28 U.S.C. § 1915A and § 1915(e) in a reasonably timely manner. Plaintiff's motion to expedite these proceedings (ECF No. 52) is therefore **DENIED as moot.**

**SO ORDERED**, this 24th day of October, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT