# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| WASEEM DAKER,<br><br>*Plaintiff,*<br><br>v.<br><br>Comm'r HOMER BRYSON, *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:15-cv-00088-TES-CHW** |

## ORDER DENYING MOTION TO VACATE AND MOTION TO RECUSE

Presently pending before the Court is *pro se* Plaintiff Waseem Daker's 87-page "Rule 59(e) Motion to Vacate and Reconsider" [Doc. 101] the Court's July 18, 2018 Order and Judgment in this case. Plaintiff has also filed a motion seeking to recuse both the undersigned and United States Magistrate Judge Charles Weigle. [Doc. 102]. For the following reasons, the Court **DENIES** these motions.

### A. <u>Motion for Recusal</u>

Plaintiff has filed yet another motion seeking the recusal of the magistrate judge in this case. Plaintiff's motion—the fourth recusal motion he has filed in this case alone[1]—largely repeats his prior allegations that the judges involved in his cases "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *See* [Doc. 102, p. 8]. Plaintiff additionally repeats, nearly verbatim, arguments made in his

---

[1] Plaintiff also filed a copy of this same motion in Case No. 5:18-cv-000245-TES-CHW.

objections and his motion for reconsideration and contends that the Court's allegedly incorrect rulings demonstrate its "bias, prejudice, hostility, and antagonism against Mr. Daker." [*Id.* at p. 22].

Plaintiff bases his motion on 28 U.S.C. § 455. The statute generally provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute also enumerates certain other circumstances requiring a judge to disqualify himself. *Id.* at § 455(b)(1)–(5). Plaintiff's primary complaint is that the Court is biased towards him. Plaintiff may thus be relying on either subsection (a) or subsection (b)(1).

The standard under subsection (a) is objective and requires the Court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted). In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted) (per curiam). As a result, "a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute [a] valid basis

2

for a bias or partiality recusal motion."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("[The bias] must derive from something other than that which the judge learned by participating in the case."). In this case, Plaintiff has not pointed to any specific facts showing that any sort of extrajudicial bias existed, nor has Plaintiff demonstrated that the Court's rulings exhibit "such a high degree of . . . antagonism as to make fair judgment impossible" or that any judge involved in his cases in this district has a bias toward Plaintiff "so extreme as to display clear inability to render fair judgment." *See Liteky*, 510 U.S. at 551, 555. It is clear that "[r]epeated rulings against a litigant, no matter how erroneous and how vigorously and consistently expressed, are not a basis for disqualification of a judge on the grounds of bias and prejudice." *See Maret v. United States*, 332 F. Supp. 324, 326 (E.D. Mo. 1971). Plaintiff's theory that any judge who rules against him exhibits pervasive bias and prejudice is simply incorrect.

28 U.S.C. § 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'" *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)). Again, Plaintiff has failed to establish any personal or pervasive bias on the part of the undersigned or Judge Weigle, and Plaintiff also fails to identify any specific "disputed evidentiary facts" of which the Court might have knowledge. Any knowledge gained through the course of a judicial

3

proceeding is not a "disputed evidentiary fact" that requires recusal. *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999) (per curiam). Instead, knowledge of disputed evidentiary facts must be gained through an extrajudicial source to warrant recusal. *See id.* Plaintiff has not asserted that such knowledge exists here.

In sum, Plaintiff's contentions that the undersigned and Judge Weigle have not ruled in his favor are not alone sufficient to merit recusal, and Plaintiff has also failed to show that the Court harbors the type of pervasive bias or prejudice against Plaintiff that would otherwise require recusal. Plaintiff's motion for recusal [Doc. 102] is therefore again **DENIED.**

### B.  Rule 59(e) Motion

Plaintiff has also filed a motion seeking reconsideration of the Court's July 19, 2018 Order and Judgment, pursuant to Federal Rule of Civil Procedure 59(e). [Doc. 101]. As the Court has previously advised Plaintiff, "'motions for reconsideration are disfavored,'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (holding same). Furthermore, Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and

4

procedures that could and should have been raised prior to judgment." *Daker*, 2017 WL 4797522, at *1 (internal quotation marks omitted) (alterations in original).

Plaintiff has blatantly ignored the Court's prior admonitions that motions for reconsideration should not be filed as a matter of routine practice and that they should not "re-assert[] the same arguments and evidence this Court previously considered in its original ruling." *See id.* (cautioning Plaintiff that the Court would impose sanctions if Plaintiff continued to seek routine consideration of the Court's orders). Approximately half of Plaintiff's 87-page Rule 59(e) motion is copied, seemingly verbatim, from the various objections, supplemental objections, and other motions he has already filed in this case. The Court already expended significant time and resources in its careful review and consideration of those documents, and Plaintiff's repackaging and refiling of the same documents is abusive and perhaps worthy of the sanctions the Court previously suggested would be appropriate. To prevent this lawsuit from being further prolonged by additional motions and appeals, however, the Court will address Plaintiff's motion, although it will decline to address any argument made in Plaintiff's Rule 59(e) motion that has already been presented to the Court.

The Court recognizes three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga.

Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)). Plaintiff has not identified any intervening change in the law or new evidence that affects his claims. The Court thus presumes that Plaintiff's Rule 59(e) motion for reconsideration is based on his belief that there is a need for the Court to correct clear errors or manifest injustice in this case.

The allegations in Plaintiff's motion to vacate do not demonstrate that the Court clearly erred in rendering its decision or that Plaintiff has suffered a manifest injustice as a result. Instead, Plaintiff's Rule 59(e) motion misconstrues and misapplies the facts of this case and the law and asks the Court to ignore Plaintiff's litigation history and thus the broader context in which the actions in this case occurred. *See, e.g.*, *Daker v. Toole*, 736 F. App'x 234, 235–36 (11th Cir. 2018) (per curiam) (noting that Plaintiff has been "wreaking havoc wherever he goes" by "flood[ing]" the court "with numerous disputes"); *Daker v. Commissioner*, 820 F.3d 1278, 1281 (11th Cir. 2016) (identifying Plaintiff as a "serial litigator"); *see also Daker v. Toole*, 138 S. Ct. 234, 234–35 (2017) (placing filing restrictions on Plaintiff due to his "repeated[] abuse[]" of the Supreme Court's process). For the following reasons, the Court's conclusion that Plaintiff's Amended Complaint was filed maliciously and in bad faith remains sound.

       1.    <u>The Court Properly Considered Plaintiff's Litigation History in Determining that Plaintiff Acted Maliciously in this Case</u>

First, in several places in his Rule 59(e) motion, Plaintiff suggests the Court erred in examining Plaintiff's litigation history in its entirety to support its conclusion that

6

Plaintiff acted maliciously in this case. *See, e.g.*, [Doc. 101, p. 6] (arguing that "[a]ny attempt by any litigant . . . to consolidate any litigation could be deemed an 'intent to manipulate the judicial system' and therefore characterized as malicious"); [*id.* at p. 18] (arguing that the Court erred by "dismissing *this* case as malicious based on his motions to intervene *in other cases*"). The law is contrary to Plaintiff's assertions. *See, e.g.*, *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (en banc) ("A plaintiff's past litigious conduct should inform a district court's discretion under § 1915(d)."); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) (agreeing with district court that "the history and circumstances surrounding the complaint support dismissal of [prisoner's] claims for maliciousness" where prisoner "has filed at least thirty separate complaints since 2003, and a number of these cases raise issues that are the same or substantially similar to those in the instant case, against the same defendants"); *Maus v. Baenen*, No. 13-CV-1009-JPS, 2013 WL 5448045, at *1 (E.D. Wis. Sept. 30, 2013) (finding that prisoner who "routinely creates confusion and additional, unnecessary work for the staffmembers of this district" acted in bad faith with respect to his most recent filings); *see also* Order Dismissing Appeal 6, *Daker v. Governor*, Appeal No. 15-13179 (11th Cir. Dec. 19, 2016) (noting that "[i]n light of Mr. Daker's voluminous federal court filings it is reasonable to say that Mr. Daker has abused the system" (internal citation omitted)). *Cf. also Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered."); *Attwood v. Singletary*,

105 F.3d 610, 613 (11th Cir. 1997) (affirming dismissal of case pursuant to 28 U.S.C. § 1915(d) and imposition of Rule 11 sanctions against plaintiff whose "actions show[ed] a history of bad faith litigiousness and deceit").[2] The Court thus properly considered Plaintiff's litigation history in determining that his actions in this case were malicious and abused the judicial process.

Even if the Court did not consider Plaintiff's entire litigation history, however, Plaintiff's conduct in this case alone warrants dismissal. Plaintiff's attempts to characterize his conduct in this case as merely "litigious" and not "abusive" fall flat. [Doc. 101, p. 56] ("Plaintiff concedes his litigiousness, but denies that he is an abusive litigant."). For example, Plaintiff appears to contend that even if his Amended Complaint is duplicative, it is not malicious. *See* [*id.* at pp. 84–86]. But the filing of multiple, identical complaints—in different jurisdictions—with the stated intent of only prosecuting whichever case was "allowed to proceed" is a glaring example of bad faith and malicious conduct. *See* [Doc. 73, p. 7]. "Filing identical lawsuits in multiple district courts is abusive and wasteful of judicial resources and warrants dismissal under § 1915(e) as frivolous and malicious." *Rivadeneira v. Dep't of Homeland Sec.*, 3:15CV-P548-GNS, 2015 WL 4776906, at *3 (W.D. Ky. Aug. 12, 2015); *cf. also Cochran*, 73 F.3d at 1316 (noting that court

---

[2] 28 U.S.C. § 1915(d) is the predecessor of § 1915(e)(2)(B)(ii). Both statutes contain a provision allowing the Court to determine whether a complaint is subject to dismissal as being frivolous or malicious, although dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is now mandatory if such a finding is made. *See, e.g., Bilal v. Driver*, 251 F.3d 1346, 1348–49 (11th Cir. 2001).

8

properly considered prisoner's "attempt[] to escape the final judgment of one federal court by filing in another" in determining that dismissal was warranted under § 1915(d)). In his 87-page motion for reconsideration, Plaintiff still fails to provide any credible explanation for this conduct. While Plaintiff now contends he filed the duplicative cases an effort to consolidate them, *see, e.g.*, [Doc. 101, p. 6], Plaintiff never actually filed a motion to consolidate in this Court. Indeed, when Plaintiff filed his motion to amend his Complaint "as a matter of law" in this case on November 2, 2017, Plaintiff had already unsuccessfully attempted to consolidate cases in another court in an effort to avoid the § 1915(g) "three-strikes" bar. *See* Order, ECF No. 17 in *Daker v. Bryson*, Case 6:16-cv-00057-JRH-BWC (S.D. Ga. Mar. 20, 2017).[3] The fact that this tactic had already been rejected casts significant doubt on Plaintiff's belated contention that his filing of duplicative complaints was intended as a good-faith effort to consolidate his claims rather than an attempt to skirt § 1915(g). Furthermore, at the time Plaintiff filed the Amended Complaint in this case, he never explicitly revealed to the Court that he had filed identical complaints in the Southern District and was waiting to see whether that court would permit his case to move forward. *See, e.g.*, [Doc. 58, p. 1] (indicating the first amended and supplemental complaint would be filed in "two cases" in this Court, 5:15-cv-00088-CAR-CHW and 5:17-

---

[3] In that case, Plaintiff sought to consolidate a case in which his three-strikes status was unclear with a case in which he was not considered a three-striker and argued that consolidating the cases would "render it unnecessary for the Court to address the three strikes issue." *Id.* at 12. The court rejected Plaintiff's efforts, in part because the "Court's determinations of whether Plaintiff's status as a three striker at the time he filed his Complaint in this case and at the time he filed his Complaint in Case Number 6:14-cv-47 could differ." *Id.* at 12–13.

9

cv-00188-MTT-CHW). Plaintiff's filing of identical lawsuits in multiple jurisdictions amply demonstrates that Plaintiff's Amended Complaint in this case is malicious, intended to manipulate the judicial system, and subject to dismissal.

   2.   Plaintiff's Filings Demonstrate He Has Adequate Access to the Courts

Plaintiff also contends that the Court erred in finding that Plaintiff had failed to submit any pleadings suggesting his law library access at Macon State Prison, where he was recently transferred, had been restricted. [Doc. 101, p. 28]. Plaintiff states that he filed a complaint in another case in this Court on July 9, 2018 making these allegations. *See* [*id.*]. But Plaintiff's contention that the Court failed to acknowledge Plaintiff's filing of that case does not alter the Court's original conclusion that Plaintiff has not demonstrated any meaningful impact on his access to the courts. Despite filing several supplemental objections and motions raising a variety of claims, Plaintiff never stated *in this case* that he was unable to access the law library in his new prison. More to the point, however, Plaintiff has failed to provide the Court with any reason to reconsider its conclusion that Plaintiff does not have sufficient access to the courts. Plaintiff's filings—including his motion for reconsideration—are lengthy and contain numerous citations to many authorities. His contention that he does not have sufficient access to the courts continues to lack credibility.[4]

---

[4] The Court also notes that Plaintiff is now housed in the Valdosta State Prison. It is unclear whether Plaintiff is housed in a lock down unit at Valdosta State Prison. Even if he is housed in a lock down unit, however,

10

### 3. The Court Properly Addressed Plaintiff's Efforts to Amend in this Case

Plaintiff next contends that the PLRA "allows" him to amend his Complaint to join pre-three-strikes claims with post-three-strikes claims in the same case, and therefore such conduct cannot be considered "malicious." [Doc. 101, p. 9]. The cases cited by Plaintiff in support of this contention stand for the general proposition that a prisoner who qualifies for the § 1915(g) imminent danger exception may proceed with his entire complaint, even if some of the claims do not allege an imminent danger of serious physical injury. *See, e.g., Chavis v. Chappius*, 618 F.3d 162, 171–72 (2d Cir. 2010); *Andrews v. Cervantes*, 593 F.3d 1047, 1053–54 (9th Cir. 2007). Nothing in those cases limits the Court's discretion to dismiss a complaint as malicious under 28 U.S.C. §§ 1915(e) and/or 1915A or to deny leave to amend pursuant to Federal Rule of Civil Procedure 15(a). *See Andrews*, 493 F.3d at 1055 ("stress[ing] . . . that § 1915(g) concerns only a threshold procedural questions—whether the filing fee must be paid upfront or later" and noting that "[s]eparate PLRA provisions," including § 1915(e)(2)(B) and 1915A(b) "are directed at screening out meritless suits early on"). Indeed, a number of courts have exercised this discretion to limit the amendment of a prisoner's claims, particularly where—as here— the prisoner is attempting to raise claims that occurred *after* the filing of the original

---

Plaintiff averred in a complaint in another case before the Court that Valdosta State Prison maintains a satellite law library for its lock down unit. *See, e.g.,* Compl. 26, ECF No. 1-1 in *Daker v. Dozier*, Case No. 5:18-cv-00245-TES-CHW (M.D. Ga. Jul. 9, 2018). It therefore does not appear that Plaintiff's access to legal resources is presently limited, and Plaintiff also has not submitted any filings in this case that would indicate any present difficulty.

11

complaint. *See, e.g., Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006) (per curiam) ("Allowing [prisoner] to allege unrelated claims against new defendants based on actions taken after the filing of the original complaint would defeat the purpose of the three strikes provision of the PLRA."); *Jackson v. Dayton*, 17-CV-880 (WMW/TNL), 2018 WL 4473403, at *10 (D. Minn. Apr. 2, 2018), *report and recommendation adopted*, 17-CV-0880 (MWM/TNL), 2018 WL 3696600 (D. Minn. Aug. 3, 2018) (finding joinder of claims was "improper and transgresses § 1915(g) because [prisoner] could not bring the two claims unrelated to prison conditions via separate lawsuit given his restricted ability to file new lawsuits"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (finding that permitting a prisoner "to amend his complaint to include new, unconnected claims which have arisen since his initial filing defeats the purposes of filing fees and the 'three strikes' provisions in 28 U.S.C. § 1915(g)").[5]

Plaintiff also suggests at several points in his motion that the Court erred by failing to permit Plaintiff to either amend his Complaint or to revert to his original Complaint. *See, e.g.*, [Doc. 101, pp. 41, 48]. The Court reiterates its conclusion that allowing Plaintiff

---

[5] In what appears to be a related argument, Plaintiff contends that the Court effectively "revoked" his *in forma pauperis* status by preventing him from joining claims raised in the pre-three-strikes original Complaint and the post-three-strikes Amended Complaint. *See, e.g.*, [Doc. 101, pp. 10–15]. Again, the cases cited by Plaintiff are inapposite. The Court has not revoked Plaintiff's *in forma pauperis* status; as discussed above, the Court has merely exercised its discretion to determine that this action is malicious and should be dismissed as such. While Plaintiff is generally correct that his status as a three-striker is measured at the time he filed his Complaint under 28 U.S.C. § 1915(g), the Court based its dismissal in part under § 1915(e)(2)(B)(i), which requires the Court to dismiss the case "*at any time* if the court determines that . . . the action or appeal . . . is frivolous or malicious" (emphasis added)).

12

to revert to his original complaint in this case would undermine the PLRA and "serve to overlook his abuse of the judicial process." *Hood v. Tompkins*, 197 F. App'x 818, 818 (11th Cir. 2006) (per curiam). In addition, the law Plaintiff cites in support of his contention that he should be permitted to amend his Complaint is not on point. First, Plaintiff relies on *Jones v. Bock*, 549 U.S. 199 (2007), for the proposition that even if "§ 1915(g) did not allow Plaintiff to amend to add claims arising after his third strike to a pre-third strike case . . . the solution would be to deny leave to amend to add those claims, or to dismiss only those claims that are not allowed to proceed, not the whole action." [Doc. 101, p. 15]. In *Jones*, the Court held that where a prisoner has failed to exhaust some, but not all, of his claims in accordance with the PLRA's requirements, the court should proceed with the exhausted claims. *See* 549 U.S. at 219. Plaintiff contends that dismissal of the entire Amended Complaint in this case "directly conflicts" with *Jones*, and that "if a complaint contains both claims subject to dismissal under § 1915(g) and claims not subject to it, the court should only dismiss those claims subject to it, not the complaint as a whole." [Doc. 101, pp. 15–16].

The reasoning of *Jones* is inapposite here. Again, Plaintiff's Amended Complaint was dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A, not § 1915(g). Because the act of filing the Amended Complaint in this case was malicious and abusive, the dismissal of the Amended Complaint as a whole is therefore appropriate. *See, e.g., Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (per curiam) (affirming dismissal of entire

13

complaint without prejudice for abuse of the judicial process under 28 U.S.C. § 1915(e)(2)(B)(i)); *see also Rosiere v. United States*, 736 F. App'x 313, 314 (3d Cir. 2018) (per curiam) (affirming dismissal of entire civil action as malicious where litigant filed several identical lawsuits in different jurisdictions and "inundate[d] the Government with various motions" in another case); *Hurst v. Counselman*, 436 F. App'x 58, 61 (3d Cir. 2011) (per curiam) (affirming dismissal of litigant's entire complaint as "abusive of the judicial process and thus malicious").

Plaintiff further alleges that the Court erred by failing to allow him to amend his Complaint in accordance with *Brown v. Johnson*, 387 F.3d 1344, 1348–49 (11th Cir. 2004). In *Brown*, the Eleventh Circuit held that the PLRA would not prevent a prisoner from amending his complaint "once as a matter of course at any time before a responsive pleading is served" pursuant to Federal Rule of Civil Procedure 15(a). *See id.* The Court in this case granted Plaintiff's motion to amend as a matter of course, as it was required to do, and Plaintiff was therefore required to obtain leave of court to amend his Complaint a second time.[6] *See* Fed. R. Civ. P. 15(a)(2). While the rules provide that leave

---

[6] Plaintiff cites to *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (per curiam), for the proposition that a plaintiff waives his right to amend once as a matter of course if he files a motion to amend rather than an amended complaint in the case. *Coventry First* does not apply to *pro se* litigants. *See Toenniges v. Ga. Dep't of Corr.*, 502 F. App'x 888, 889 (11th Cir. 2012). Plaintiff's argument that the Court should have reviewed Plaintiff's motion to amend and reviewed it for futility, [Doc. 101, p. 44], is therefore misplaced. *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) ("When the plaintiff has the right to file an amended complaint *as a matter of course* . . . the plain language of Rule 15(a) shows that the court lacks discretion to reject the amended complaint based on its alleged futility." (emphasis in original)); *see also Toenniges*, 502 F. App'x at 890 (noting that where prisoner "had the right to amend as a matter of course, . . . the merits of his amendment, at that stage, were irrelevant").

14

to amend should be freely given "when justice so requires," justice does not require the Court to allow the amendment of pleadings that the Court has already found were filed with the intent to manipulate the judicial process. *See, e.g., Hood*, 197 F. App'x at 818; *cf. also Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (per curiam) (finding that district court did not abuse its discretion in dismissing prisoner complaint without allowing prisoner "to correct" failure to disclose prior litigation history); *Jenkins v. Hutcheson*, No. 6:16-cv-59, 2016 WL 5110260, at *1 (S.D. Ga. Sept. 20, 2016) (("[T]he Eleventh Circuit has explained that district courts should not allow parties to cure their lack of candor with . . . after the fact amendments.") (citing *Hood*, 197 F. App'x at 818)). Plaintiff's bad faith in this action is plainly a substantial reason justifying any denial of leave to amend. *See, e.g., Burger King Corp. v Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (noting that bad faith on the part of the movant is a substantial reason to deny leave to amend); *see also GSS Props., Inc. v. Kendale Shopping Center, Inc.*, 119 F.R.D. 379, 381 (M.D.N.C. Mar. 15, 1988) ("Bad faith amendments are those which may be abusive or made in order to secure some ulterior tactical advantage.").

Plaintiff also cites to one of his previous cases for the proposition that a new habeas petition filed during the pendency of a previous habeas petition must be construed as a motion to amend the prior petition, and not dismissed as a second or successive petition. *Daker v. Toole*, 736 F. App'x 234, 235–36 (11th Cir. 2018) (per curiam). Habeas petitions are subject to strict rules that prohibit the district court from examining a second or

15

successive petition unless the petition falls within narrow statutory exceptions and the petitioner receives authorization from the court of appeals before filing the new petition with the district court. *See* 28 U.S.C. §§ 2244(b)(2), (3). The authority cited by Plaintiff interprets these rules and is not applicable or analogous to Plaintiff's claims in this § 1983 case.

> 4. <u>Dismissal of the Amended Complaint Will Not Work a Manifest Injustice</u>

Finally, to the extent Plaintiff suggests a manifest injustice may occur in this case absent reconsideration, the Court has already addressed this issue at length. *See* [Doc. 99, p. 30]. The Court has dismissed Plaintiff's claims without prejudice. As the Court previously noted, however, Plaintiff has created a situation where it is not entirely clear which of his claims have been previously or finally addressed by the courts or whether some of his claims may now be barred by the applicable statute of limitations. While it is true that "where a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice," the Court believes that its July 19, 2018 Order makes clear that even if this dismissal is effectively with prejudice as to some of Plaintiff's claims, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). Plaintiff has repeatedly engaged in conduct

16

calculated to frustrate the orderly processing of his claims and waste judicial resources even after being warned of the consequences of such conduct. *See, e.g., Daker v. Dozier*, Civil No. 5:17-CV-0025-CAR, 2017 WL 3037420, at *5 (M.D. Ga. July 18, 2017) (dismissing claims as duplicative and therefore malicious where Plaintiff "knowingly brought claims that were essentially the same as those he was already actively litigating in, not one, but two other cases before this Court"); Order of Dismissal 6, *Daker v. Bryson*, ECF No. 17 in Case No. 5:16-cv-00538-CAR-MSH (M.D. Ga. June 8, 2017) (dismissing Plaintiff's claims as malicious where there were duplicative and "filed in an effort to circumvent the Court's previous orders"). The Court can conceive of no lesser sanction adequate to correct this misconduct. Thus, even though the Court intends for the dismissal of Plaintiff's claims to be without prejudice—and even though it appears that the statute of limitations would not prevent the filing of the vast majority of Plaintiff's claims—dismissal with prejudice could also be appropriate.[7] For these reasons, the Court concludes that Plaintiff has not carried his burden of establishing that reconsideration of the Court's order of dismissal is warranted.

---

[7] Further, as was also previously noted, Plaintiff avers that his original Complaint in this case was intended to challenge only "the February 5 and 20, and March 9 and 20, 2015 uses of force and other adverse actions taken against him in *2015*." [Doc. 89, p. 2]. Plaintiff has had at least one opportunity to have these claims addressed by a federal court after they were dismissed in the above-captioned action. *See* Compl. 16–18, 20–23 in *Daker v. Bryson*, Case No. 6:16-cv-00057-JRH-BWC (S.D. Ga. May 23, 2016) (raising claims concerning the February 5 and 20 and March 9 and 20, 2015 uses of force). Dismissal without prejudice could therefore be appropriate for this reason as well. *Cf. Nawab v. Unifund CCR Partners*, 553 Fed. App'x 856, 860 (11th Cir. 2013) (per curiam) (finding that dismissal with prejudice was appropriate where prisoner had already had one complaint raising same claims dismissed without prejudice).

## C. Conclusion

The motions addressed by the Court in this Order are prime examples of Plaintiff's disregard for the court system from which he purports to seek relief. As noted above, this is the fourth motion for recusal Plaintiff has filed in this case alone, and it is obvious that Plaintiff is filing these motions as a matter of course in his other cases as well—Plaintiff refers to the wrong judges in the presently-pending motion in this action. [Doc. 102, p. 9] (referring to Judges Smith and Story). And, as also noted above, Plaintiff's motion for reconsideration, which contains dozens of pages of content copied from his other filings, has also been filed in contravention of the Court's admonitions not to file such motions as a matter of course. Plaintiff's conduct is neither isolated nor inadvertent, and nothing in Plaintiff's motions persuades the Court to reconsider the dismissal of Plaintiff's Amended Complaint or to require recusal. The Court therefore **DENIES** Plaintiff's Rule 59(e) motion [Doc. 101] and his recusal motion [Doc. 102].[8]

**SO ORDERED**, this 21st day of February, 2019.

s/Tilman E. Self, III
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**

---

[8] Plaintiff's motions also contain requests to file excess pages and to exceed type size limitations. The Court considered Plaintiff's motions in their entirety regardless of font size or the number of pages, and these requests are therefore **TERMINATED as moot**.